# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LARRY W. STEELE, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 2-09-cv-278-TJW | |
| § | | |
| FFE TRANSPORTATION SERVICES, INC., § | | |
|    Defendant. § | | |
| § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant FFE Transportation Services, Inc.'s ("FFE") 12(b) Motion to Dismiss for Failure to State a Claim and Improper Venue and Brief in Support. [Dkt. No. 3] After considering the parties' arguments and the applicable law, the Court is of the opinion that FFE's motion should be DENIED.

### I.  Background

Plaintiff Larry W. Steele asserts employment discrimination claims against FFE alleging that FFE wrongfully terminated him because he is disabled. Steele alleges that he has a disability because he suffers from heart arrhythmia and has been treated with a defibrillator. Complaint at 1. [Dkt. No. 1] Mr. Steele claims that he received medical authorization to return to work as a commercial truck driver. FFE asserts that, notwithstanding the medical authorization, Mr. Steele is unqualified to perform his duties as a truck driver because of his defibrillator and FFE terminated him because he was unqualified, not because he was disabled.

FFE is a "bonded refrigerator motor carrier operating in the 48 contiguous states, Mexico, and Canada." Defendant's Motion at 1. FFE is a Delaware corporation with a principle place of business in Dallas, Texas, which is in the Northern District of Texas. Mr. Steele is a resident of

Henderson County, which is in the Eastern District of Texas.

##    II.    Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2008). A court cannot require heightened fact pleading, but a complaint must state enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. The complaint is construed in favor of the plaintiff, and all facts pleaded in the complaint are accepted as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(6) "'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). However, a plaintiff is obligated to provide the grounds of his claim with "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Federal Rule of Civil Procedure 12(b)(3) allows defendants to move for dismissal based on improper venue. FED. R. CIV. P. 12(b)(3). When a defendant objects to venue, the burden shifts to the plaintiff to establish that the district he chose is a proper venue. *ATEN Intern. Co. Ltd. v. Emine Technology Co., Ltd.*, 261 F.R.D. 112, 120 (E.D. Tex. 2009). If there is no evidentiary hearing, a plaintiff may carry its burden by presenting facts, taken as true, that establish venue. *Id.* at 121.

This action is based on federal question jurisdiction, over which 28 U.S.C. § 1391(b) governs venue. Section 1391(b) provides that the appropriate venue for a civil action brought under federal question jurisdiction is:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or,
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

"For purposes of venue . . . , a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1931(c). In a multi-district state like Texas, a corporation is "deemed to reside in any district within that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state." *Id.* That is, the Court must determine whether FFE would be subject to personal jurisdiction in the Eastern District of Texas if the Eastern District of Texas were a separate state. *See 800 Adept, Inc. v. Enterprise Rent-A-Car, Co.*, 545 F. Supp. 2d 562, 569 (E.D. Tex. 2008).

### III. Analysis

"To prevail on an ADA claim, a plaintiff must prove that 1) he has a 'disability'; 2) he is 'qualified' for the job; and 3) an adverse employment decision was made solely because of his disability." *Rizzo v. Children's World Learning Centers, Inc.*, 84 F.3d 758, 763 (5th Cir. 1996). Mr. Steele successfully states a claim under the ADA. He alleges that he has a heart arrhythmia, which FFE does not dispute is a disability. He alleges that he was fired because of his arrhythmia, which FFE also does not dispute. The only allegation that FFE disputes, and which forms the basis of its motion to dismiss, is that Mr. Steele alleges he was qualified to drive trucks for FFE.

3

FFE asserts that Mr. Steele is unqualified to drive commercial vehicles, as a matter of law, because federal regulation disqualifies truck drivers with defibrillators. The Court's review of cited and applicable regulations does not reveal that, as a matter of law, Mr. Steele was unqualified to perform the duties for which he was hired. In its brief, FFE claims that "Advisory Criteria [have stated] that '[i]mplantable cardioveter defibrillators are disqualifying due to the risk of syncope [fainting].'" Plaintiff's Brief at 3. Assuming that there are indeed such "Advisory Criteria" and assuming that FFE's failure to provide the Court with a citation to the "Advisory Criteria" was simply a mistake, these criteria do not sway this Court's ruling. Their very name indicates that they are "advisory" and lack the force of law. Furthermore, Mr. Steele alleges that he received a defibrillator, not an *implantable cardioveter defibrillator.* It is not for the Court to decide at this early stage whether Mr. Steele's defibrillator rendered him unqualified. FFE merely disputes that Mr. Steele was qualified, which is for the fact finder to fully and finally determine. For the purposes of ruling on a motion to dismiss, the Court must assume that Mr. Steele's allegations are true, which includes his allegation that he was qualified. Therefore, the Court concludes that Mr. Steele has properly stated a claim for relief.

FFE also moves the Court to dismiss under 12(b)(3) for improper venue. For venue to be proper in the Eastern District of Texas, FFE must have contacts that are sufficient "to subject it to personal jurisdiction if [the Eastern District of Texas] were a separate State." 28 U.S.C. § 1391(c). "There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir.2001). Specific jurisdiction exists when the defendant's contacts "arise from, or are directly related to, the cause of action." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir.1994).

4

General personal jurisdiction, on the other hand, "will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contacts with the forum state are both 'continuous and systematic.' Id. (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9, 104 S.Ct. 1868 (1984)).

FFE characterizes its contacts with the Eastern District of Texas as occasional and sporadic. Defendant's Brief at 12–13. However, "FFE operates a terminal from which it ships its goods and dispatches its vehicles in Lancaster, Texas . . . ." *Id.* at 12. FFE concedes that it operates in the lower forty-eight, which includes Alabama, Arkansas, Florida, Georgia, Lousiana, Mississippi, and Tennessee. The Court's review of a road map reveals that FFE's contacts with the Eastern District of Texas could be anything but "sporadic," considering FFE operates nationally. To reach any of the above-named states from FFE's dispatch operations in Lancaster, Texas, the most direct route for FFE's drivers would take them through the Eastern District of Texas, by way of Interstate Highways 20 or 30. The Court is not convinced that the travels of an FFE tractor-trailer through the Eastern District of Texas are merely "occasional[]." The Court is of the opinion that those contacts with the Eastern District of Texas are sufficiently continuous and systematic to subject it to general personal jurisdiction in the Eastern District of Texas if the Eastern District of Texas were a separate state. Venue is therefore proper in the Eastern District of Texas.

## IV. Conclusion

The Court has considered the parties' briefing and the applicable case law. For the reasons stated herein, Mr. Steele has successfully stated a claim for relieve under the ADA and venue is proper in the Eastern District of Texas because FFE has regular contacts with the Eastern District of Texas. FFE's motion to dismiss is DENIED.

It is SO ORDERED.

SIGNED this 10th day of February, 2010.

*T. John Ward*
T. JOHN WARD
UNITED STATES DISTRICT JUDGE