IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LARRY W. STEELE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-09-cv-278-TJW |
| | § | |
| FFE TRANSPORTATION SERVICES, INC., | § | |
|     Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant FFE Transportation Services, Inc.'s ("FFE") Motion for Summary Judgment. [Dkt. No. 15] Plaintiff Larry W. Steele has not filed a response. The Court has reviewed and considered FFE's brief and is of the opinion that the motion should be GRANTED.

Mr. Steele filed this complaint alleging disability discrimination under the Americans with Disabilities Act ("ADA") after he was terminated from his employment with FFE as a long haul commercial truck driver. In January 2009, Mr. Steele suffered a heart ailment that required the installation of a defibrillator, a medical device that is capable of administering an electric shock in the event of an irregular heartbeat. Complaint at para. 10.

FFE is a federally-regulated motor carrier subject to the Federal Motor Carrier Saftey Regulations ("FMCSR") under the administration of the United States Department of Transportation ("DOT"). In March 2009, pursuant to federal regulation and FFE policy, Mr. Steele underwent a physical before a DOT-approved medical examiner. The medical examiner found Mr. Steele medically disqualified to drive a commercial vehicle because of the implanted defibrillator. On March 24, 2009, FFE terminated Mr. Steele's employment based upon this

1

medical disqualification.

Summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-movant must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Wise v. E.I. DuPont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995); *Holland v. City of Houston*, 41 F. Supp. 2d 678, 687 (S.D. Tex. 1999).

"The ADA makes it unlawful for an employer to discriminate against 'a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement or discharge of employees ... and other terms, conditions, and privileges of employment.'" *Rodriguez v. ConAgra Grocery Products Co.,* 436 F.3d 468, 476 (5th Cir.2006) (quoting 42 U.S.C. § 12112(a)). A plaintiff may establish a claim of discrimination under the ADA either by presenting direct evidence or by using the indirect method of proof set forth in *McDonnell Douglas Corp. v. Green*. *Seaman v. CSPH, Inc.,* 179 F.3d 297, 300 (5th Cir. 1999) (citing *McDonnell Douglas*, 411 U.S. 792 (1973)). To establish a *prima facie* case of intentional disability-based discrimination using the indirect method of proof, a plaintiff must show that (1) he suffers from a disability; (2) was qualified for the job; (3) was subject to an adverse employment action because of the disability; and (4) was treated less favorably than non-disabled employees or was replaced by a non-disabled person. *Id.*

Mr. Steele has failed to make a *prima facie* showing of disability discrimination. In order to

be qualified to perform his duties as a commercial motor vehicle driver, Mr. Steel must be medically certified to work. 49 C.F.R. § 391.41(a)(1). "A person is physically qualified to drive a commercial motor vehicle if that person . . . [h]as no current clinical diagnosis of myocardial infarction, angina pectoris, coronary insufficiency, thrombosis, or any other cardiovascular disease of a variety known to be accompanied by syncope, dyspnea, collapse, or congestive cardiac failure." *Id.* at (b)(4). The Advisory Criteria for 49 C.F.R. § 391.41(b)(4) explain that "[c]oronary artery bypass surgery and pacemaker implantation are remedial procedures and thus, not disqualifying. Implantable cardioverter defibrillators are disqualifying due to risk of syncope." Federal Motor Carrier Safety Regulations, Advisory Criteria, 49 C.F.R. § 391.43(f), *available at* http://www.fmcsa.dot.gov/rules-regulations/administration/fmcsr/fmcsrruletext.aspx?reg=r49cfr391.43. The medical examiner appropriately disqualified Mr. Steele because he has an implanted defibrillator.

Mr. Steele is not qualified to work as a commercial driver. FFE is entitled to judgment as a matter of law. The Court, therefore, GRANTS FFE's motion for summary judgment.

It is SO ORDERED.

SIGNED this 15th day of June, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE