IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LARRY W. STEELE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-09-cv-278-TJW |
| | § | |
| FFE TRANSPORTATION SERVICES, INC., | § | |
|     Defendant. | § | |
| | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant FFE Transportation Services, Inc.'s ("FFE") Rule 11(b) Motion for Sanctions. [Dkt. No. 19] For the reasons set forth below the Court DENIES the motion.

Mr. Steele filed this complaint alleging disability discrimination under the Americans with Disabilities Act ("ADA") after he was terminated from his employment with FFE as a long haul commercial truck driver. In January 2009, Mr. Steele suffered a heart ailment that required the installation of a defibrillator, a medical device that is capable of administering an electric shock in the event of an irregular heartbeat. On June 16, 2010, the Court granted FFE's motion for summary judgment, finding that Mr. Steele was not qualified to work as a truck driver and therefore not entitled to any relief.

The Court "may impose an appropriate sanction on any attorney . . . that violated [Rule 11(b)]." Fed. R. Civ. P. 11(c)(1). Rule 11(b) provides that, by signing and filing a pleading, an attorney certifies that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation; (2) the

1

> claims, defenses, and other legal contentions are warranted by existing law or by non-frivolous argument for extending modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

Fed. R. Civ. P. 11(b). An attorney "need not provide an absolute guarantee of the correctness of the legal theory advanced in the papers he files." F.D.I.C. v. Calhoun, 34 F.3d 1291, 1296 (5th Cir. 1994). "[S]anctions can be imposed only if his position can 'fairly be said to be unreasonable from the point of view of both existing law and its possible extension, modification, or reversal." *Id.*

FFE contends that Mr. Steele failed to conduct a reasonable inquiry into the law before filing this claim. Specifically, FFE argues that had Mr. Steele conducted the required reasonable inquiry, Mr. Steele would have discovered that FFE's termination of him was required by another federal regulation. Dkt. No. 19 at 11–12 (citing 29 C.F.R. § 1630.15(e); 49 C.F.R. § 391.11(b)(4)). FFE also contends that Mr. Steele's attorney did not conduct a reasonable investigation into the facts.

The Court is of the opinion that Mr. Steele's complaint is not so unreasonable as to warrant sanctions. While it is true that the Court granted a motion for summary judgment, it was only upon a very close reading of *advisory criteria* to a federal regulation governing motor carriers. The regulation provided that a driver is medically disqualified if he or she has a "current clinical diagnosis of myocardial infarction, angina pectoris, coronary insufficiency, thrombosis, or any other cardiovascular disease of a variety known to be accompanied by syncope, dyspnea, collapse, or congestive cardiac failure." 49 C.F.R. § 391.41(b)(4). It was the advisory criteria that

specifically identified defibrillators disqualifying. Moreover, the fact that Mr. Steele received a physician's approval to return to work, notwithstanding that there was a conflicting assessment by a different physician, provided sufficient factual basis for Mr. Steele to file his complaint. The Court is of the opinion that Mr. Steele conducted a reasonable inquiry under the circumstances.

It is SO ORDERED.

SIGNED this 2nd day of July, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE